

| | | |
|---|---|---|
| NEW YORK | | HANOI |
| LONDON | | HO CHI MINH CITY |
| SINGAPORE | | SHANGHAI |
| PHILADELPHIA | *FIRM and AFFILIATE OFFICES* | ATLANTA |
| CHICAGO | | BALTIMORE |
| WASHINGTON, DC | | WILMINGTON |
| SAN FRANCISCO | SARAH FEHM STEWART | MIAMI |
| SILICON VALLEY | PARTNER | BOCA RATON |
| SAN DIEGO | DIRECT DIAL: +1 973 424 2061 | PITTSBURGH |
| LOS ANGELES | PERSONAL FAX: +1 973 556 1464 | NORTH JERSEY |
| BOSTON | *E-MAIL:* sfstewart@duanemorris.com | LAS VEGAS |
| HOUSTON | | SOUTH JERSEY |
| DALLAS | *www.duanemorris.com* | SYDNEY |
| FORT WORTH | | MYANMAR |
| AUSTIN | | |
| | | ALLIANCES IN MEXICO |

July 7, 2026

VIA ECF

Hon. Georgette Castner, U.S.D.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

      **Re:**    ***Bank Hapoalim B.M. v. Allstate Sales Group inc., et al.***
             **Case No. 3:25-cv-18047-GC-JTQ**

Dear Judge Castner:

      This firm is counsel for Province Fiduciary Services, LLC, by and through Thomas Buck ("Receiver"). The Receiver was appointed by Order of this Court dated February 5, 2026 ("Receiver Order").

      Enclosed please find the Receiver's Third Report. We thank Your Honor for your consideration.

                     Respectfully submitted,

                     /s/ Sarah Fehm Stewart

                     Sarah Fehm Stewart
                     Partner

cc: All counsel of record.

DUANE MORRIS LLP            DAVID A. SUSSMAN, RESIDENT PARTNER

200 CAMPUS DRIVE, SUITE 300        PHONE: +1 973 424 2000    FAX: +1 973 424 2001
FLORHAM PARK, NJ 07932-1007                                    DM3\22475702.1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BANK HAPOALIM B.M., | Civil Action No. 25-18047 (GC) (JTQ) |
| Plaintiff, | Hon. Georgette Castner, U.S.D.J. |
| v. | |
| ALLSTATE SALES GROUP INC., *et al.*, | **RECEIVER'S THIRD REPORT** |
| Defendants. | |

Province Fiduciary Services, LLC, by and through Thomas Buck, Receiver ("Receiver") in the above styled and numbered cause and, pursuant to the Order Appointing Receiver entered by the Court on February 5, 2026 *("Receivership Order"),* files this Third Report.

## I.    RECEIVER'S THIRD REPORT

1.    Pursuant to the Receivership Order, as Receiver over certain real and personal property assets of Defendants for Allstate Sales Group Inc. (ASG), Ocean Properties LLC, Ocean Investment Holdings LLC, Ocean Property Management LLC, Ocean Property Management II LLC, Home Services USA LLC, and Aegis Service Group *(collectively the "Defendants")*, the Receiver hereby submits to the Court this Third Report (*see Exhibit A*).

2.    I hereby declare that the information contained in this Third Report is true, accurate and complete, to the best of my knowledge and belief.

Dated:  July 7, 2026

Respectfully submitted,

By:   /s/ Thomas W. Buck

Province Fiduciary Services, LLC
445 Park Ave. Ste. 3D
New York, NY 10022

*Receiver, Province Fiduciary Services, LLC*

DM3\22816860.1

**EXHIBIT "A"**

**RECEIVER'S THIRD REPORT**

**INTRODUCTION**

Province Fiduciary Services, LLC, by and through Thomas Buck, is the Receiver ("Receiver") in the above styled and numbered case, appointed pursuant to the Order Appointing Receiver entered by the Court on February 5, 2026 ("Receivership Order"). The following is a summary as of July 4, 2026.

**STATUS OF REAL & PERSONAL PROPERTIES**

    *Overview:* ASG was a general contractor to telecommunication companies that shut down in August of 2025.

    *Appointment:* Since appointment ("Appointment") as Receiver, the Receiver has taken the following actions to preserve, maintain and marshal various assets.

    *Bank Accounts:* The Receiver opened an Operating Account (x6257) and a Collections Account (x6265) with Golden State Bank ("GSB"). GSB is an FDIC insured bank.

    *Marshaling Equipment:* The Receiver signed a contract with Ritchie Bros. ("Ritchie") on February 13, 2026 to marshal and monetize various owned trucks, vehicles and equipment ("Equipment") of the Defendants. Between April 16, 2026 and June 18, 2026, Ritchie has transferred $310,566.55 in proceeds (net of marshalling costs and other fees) stemming from auctions of the Equipment in which Plaintiff BHI holds a security interest to the ASG Collections Account. The Receiver has transferred the Ritchie payments to the Operating Account so as to reduce future protective advances from Plaintiff, and/or pay down the protective advance revolving balance. The Receiver anticipates approximately $25,000 from the Ritchie June auction to be received on July 15th. On June 24, 2026 the Receiver submitted a letter to the court requesting to re-title certain abandoned equipment.  Subject to receiving such authorization, the Receiver may be able to put additional equipment in the August auction.

    **Accounts Receivable:** The Receiver has been in contact with customers regarding payment of outstanding accounts receivable.  On May 6, 2026, the Receiver filed a settlement letter with CableCom, LLC, on notice to applicable sub-contractors, to authorize the transfer of $97,784.43 received from CableCom, LLC from the Collections Account to the Operating Account. On June 18, 2026, the Receiver filed a settlement letter with Sorensen Companies LLC and CNS Networks LLC, subsidiaries of Congruex Group LLC (together, "Congruex"), on notice to applicable sub-contractors, to authorize the transfer of $72,143.75 received from Congruex from the Collections Account to the Operating Account. On June 29, 2026, the Receiver filed two letters with Verizon Communications Inc. to authorize the receipt of $1,653,708.37 from Verizon and transfer such funds from the Collections Account to the Operating Account after noticing applicable sub-contractors.

    *Property Sales:* The receiver signed a contract on March 8, 2026 with Keen-Summit Capital Partners LLC ("Keen") to market and sell the below properties. The Receiver filed a retention application with the Court the week of March 9, 2026. On March 13, 2026 the Court entered an order appointing Keen the real estate agents in connection with this receivership. After collecting data and populating the data room Keen began marketing the properties on April 13, 2026. The Receiver has agreed to Letters of Intent in relation to the Conway, SC property ($925,155.00) and the Greenville, SC property ($1,450,000.00). The Receiver anticipates signing Purchase and Sale Agreements for the South Carolina properties in the next two weeks after which the Receiver will submit such Agreements to this Court for approval.

DM3\22816860.1

| Entity | Street | City | State | Zip | Description |
|---|---|---|---|---|---|
| OCEAN PROPERTIES LLC | 670 N BEERS ST, BLDG #3 | HOLMDEL | NJ | 7733 | Owner-Occupied Office Condominium |
| OCEAN PROPERTIES LLC | 670 N BEERS STREET, BLDG #4 | HOLMDEL | NJ | 7733 | Owner-Occupied Office Condominium |
| OCEAN PROPERTY MANAGEMENT II LLC | 106 SANDRA AVENUE | GREENVILLE | SC | 29611 | 4.80 acre fenced industrial outdoor storage (IOS) yard, with a 7,200 sq. ft. vehicle maintenance facility |
| OCEAN PROPERTY MANAGEMENT LLC | 1500 E HWY 501 | CONWAY | SC | 29526 | Two-story 5,935 sq. ft. industrial facility situated on a 0.97-acre site |

*Independent Contractors:* At the time of this report the Receiver is currently using one independent contractor (former controller) in support of the Receivership.

*Records & IT*: The Receiver successfully transitioned the data and emails held at Palmetto Technology Group, Inc. to the Receiver's new provider QTN Professional Services LLC.

*Insurance:* Receiver previously obtained property insurance on the Holmdel, NJ property and general liability insurance for all properties. The Receiver restored electricity at the two South Carolina properties and has added biweekly security. The Receiver does not have property insurance on the South Carolina properties, however the majority of their value is the "land value". The Plaintiff, the holder of a mortgage on each of the South Carolina properties, has been advised of this fact.

*Utilities:* Gas, Electric, and Water is active at Holmdel, NJ. Electricity is active at the South Carolina properties.

*Litigation: STAY MOTION AND WARN* On June 2, 2026, Duane Morris (Receiver Counsel) filed a motion on behalf of the Receiver to stay any and all litigation previously commenced against the Defendants and their principals. The motion was set for July 6, 2026. The only objection filed in response to the motion was a limited objection filed by Raisner Roupinian LLP, counsel to the plaintiffs in a matter captioned *Horling v. Allstate Sales Group, Inc., et al.* (3:25-cv-15321-ZNQ-TJB), which requests authorization to continue to proceed solely against the principals of ASG. The Horling lawsuit asserts WARN act claims on behalf of ASG former employees against ASG and its principals. Counsel to the principals submitted a reply requesting that the Horling matter be stayed in its entirety.

## SUMMARY OF ASSETS AND LIABILITIES

## ASSETS:

At this time, the Receiver believes the Assets are as follows (subject to revision):

*Bank Accounts & BHI Protective Advances:*
- **Collections Account:** As of July 4, 2026 there was $183,089.60 ($182,580.26 of Accounts Receivable and $509.34 interest) in the Collections Account. The Collections Account in relation to customer accounts receivable will be subject to Court approved disbursement.
- **Operating Account:** As of July 4, 2026 there was $69,817.37 in the Receiver's Operating Account available for Receiver's operating expenses.
- **BHI Protective Advance Balance:** As of July 4, 2026, BHI has made net protective advances to the Receivership of $367,806.08.

*Accounts Receivable:* Beyond the Accounts Receivable settlements referenced above, the Receiver continues to negotiate with several customers in relation to Accounts Receivable.

*Equipment:* Between April 16, 2026 to June 18, 2026 Ritchie has transferred $310,566.55 of auction proceeds (net of marshalling costs and other fees) to the ASG Collections Account. The Receiver anticipates approximately $25,000 from the June auction to be received on July 15th. On June 24, 2026 the Receiver

DM3\22816860.1

submitted a letter to the court requesting to re-title certain abandoned equipment, and subject to such authorization the Receiver may be able to put additional equipment in the August auction. Due to the approximate five months between the shutdown of ASG and the appointment of the Receiver, it is believed a significant portion of the equipment was lost, stolen and or repossessed from various properties.

## LIABILITIES:

At this time, the Receiver believes the Liabilities are as follows (subject to revision):

*BHI Secured Loan:* Combined outstanding principal balance of approximately $21.4 million as of December 1, 2025.

*Pre-Receivership Unpaid Payroll:* There appears to be approximately $1.87 million of unpaid wages and other possible employee claims, which the Receiver is in the process of analyzing.

*Pre-Receivership unpaid taxes:* Undetermined at this time. In relation to the above referenced property sales the outstanding property taxes shall be paid and/or escrowed at closing.

*Pre-Receivership vendor claims:* Approximately $21.7 million of Accounts Payable with 447 vendors.

*Pre-Receivership Unpaid Independent Contractor Stay Bonuses:* Approximately $66k of pre-receivership stay bonuses to 7 independent contractors have not been paid.

## RECEIPTS & DISBURSEMENTS DURING RECEIVERSHIP

On July 1, 2026 the Receiver submitted its 4th 5-week Budget to the Court for the period 6/21/26-7/25/26.  As of July 4, 2026, BHI has made net protective advances post- Receivership of $367,806.08. As of July 4, 2026 there was $69,817.37 in Operating Account and $183,089.60 in Collections Account.

| Collections Account x6265 ($) | | | Account Balance |
|---|---|---|---|
| Date | Description | Amount | 319,771.19 |
| 4/20/26 | Transfer to Op. Act. | (201,587.59) | 118,183.60 |
| 4/30/26 | Interest | 122.01 | 118,305.61 |
| 5/4/26 | Transfer to Op. Act. | (20,366.50) | 97,939.11 |
| 5/14/26 | Transfer from Op. Act. | 12,652.07 | 110,591.18 |
| 5/27/26 | Equipment | 103,069.46 | 213,660.64 |
| 5/31/26 | Interest | 168.12 | 213,828.76 |
| 6/4/26 | Equipment | 869.50 | 214,698.26 |
| 6/5/26 | Transfer to Op. Act. | (869.50) | 213,828.76 |
| 6/5/26 | Transfer to Op. Act. | (103,069.46) | 110,759.30 |
| 6/18/26 | Equipment | 5,040.00 | 115,799.30 |
| 6/22/26 | Transfer to Op. Act. | (5,040.00) | 110,759.30 |
| 6/24/26 | Accounts Receivable | 72,143.75 | 182,903.05 |
| 6/30/26 | Interest | $186.55 | $183,089.60 |

| Operating Account x6257 ($) | | | Account Balance | BHI Advance Balance |
|---|---|---|---|---|
| Date | Description | Amount | 28,215.42 | 368,806.08 |
| 4/20/26 | Transfer from Coll. Act. | 201,587.59 | 229,803.01 | 368,806.08 |
| 4/24/26 | BHI Advance | (1,000.00) | 228,803.01 | 367,806.08 |
| 4/24/26 | I/C | (2,429.17) | 226,373.84 | 367,806.08 |
| 4/24/26 | Professional Fees | (43,966.66) | 182,407.18 | 367,806.08 |
| 4/24/26 | Professional Fees | (50,000.00) | 132,407.18 | 367,806.08 |
| 4/29/26 | I/C | (2,786.67) | 129,620.51 | 367,806.08 |
| 4/29/26 | Vendor | (350.38) | 129,270.13 | 367,806.08 |
| 4/30/26 | Interest | 112.71 | 129,382.84 | 367,806.08 |
| 4/30/26 | Equipment Cost | (5,000.00) | 124,382.84 | 367,806.08 |
| 5/4/26 | Transfer from Coll. Act. | 20,366.50 | 144,749.34 | 367,806.08 |
| 5/6/26 | I/C | (2,089.82) | 142,659.52 | 367,806.08 |
| 5/6/26 | Vendor | (525.00) | 142,134.52 | 367,806.08 |
| 5/7/26 | BHI Transfer | 13,015.67 | 155,150.19 | 367,806.08 |
| 5/7/26 | Vendor | (579.75) | 154,570.44 | 367,806.08 |
| 5/11/26 | IT Vendor | (1,202.00) | 153,368.44 | 367,806.08 |
| 5/13/26 | I/C | (1,741.67) | 151,626.77 | 367,806.08 |
| 5/13/26 | Vendor | (1,212.50) | 150,414.27 | 367,806.08 |
| 5/14/26 | Transfer to Coll. Acct. | (12,652.07) | 137,762.20 | 367,806.08 |
| 5/15/26 | Vendor | (750.00) | 137,012.20 | 367,806.08 |
| 5/15/26 | Vendor | (1,332.17) | 135,680.03 | 367,806.08 |
| 5/21/26 | Professional Fees | (50,000.00) | 85,680.03 | 367,806.08 |
| 5/21/26 | Professional Fees | (16,190.74) | 69,489.29 | 367,806.08 |
| 5/22/26 | I/C | (1,741.67) | 67,747.62 | 367,806.08 |
| 5/26/26 | Vendor | (300.00) | 67,447.62 | 367,806.08 |
| 5/26/26 | Professional Fees | (14,961.00) | 52,486.62 | 367,806.08 |
| 5/31/26 | Interest | 152.70 | 52,639.32 | 367,806.08 |
| 6/2/26 | I/C | (962.50) | 51,676.82 | 367,806.08 |
| 6/3/26 | I/C | (1,155.00) | 50,521.82 | 367,806.08 |
| 6/5/26 | Transfer from Coll. Act. | 869.50 | 51,391.32 | 367,806.08 |
| 6/5/26 | Transfer from Coll. Act. | 103,069.46 | 154,460.78 | 367,806.08 |
| 6/9/26 | Vendor | (150.00) | 154,310.78 | 367,806.08 |
| 6/12/26 | I/C | (1,191.67) | 153,119.11 | 367,806.08 |
| 6/12/26 | Vendor | (2,362.65) | 150,756.46 | 367,806.08 |
| 6/12/26 | IT Vendor | (1,202.00) | 149,554.46 | 367,806.08 |
| 6/22/26 | I/C | (1,017.50) | 148,536.96 | 367,806.08 |
| 6/22/26 | Vendor | (337.50) | 148,199.46 | 367,806.08 |
| 6/22/26 | Transfer from Coll. Act. | 5,040.00 | 153,239.46 | 367,806.08 |
| 6/22/26 | Professional Fees | (23,573.50) | 129,665.96 | 367,806.08 |
| 6/22/26 | Professional Fees | (9,063.00) | 120,602.96 | 367,806.08 |
| 6/22/26 | Professional Fees | (50,000.00) | 70,602.96 | 367,806.08 |
| 6/26/26 | I/C | (935.00) | 69,667.96 | 367,806.08 |
| 6/30/26 | Interest | 149.41 | $69,817.37 | $367,806.08 |

DM3\22816860.1